IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIM DAVIS MCADOO,

       Plaintiff,                        No. CIV-S-03-1209 FCD KJM P

   vs.

ED ALAMEDA, et al.,

       Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. In his complaint, plaintiff asserts that defendants caused plaintiff to become infected with chicken pox while plaintiff was housed at California Correctional Center in Susanville. Defendants Alameida, Castro and Hahn have filed a motion asking that this case be dismissed for plaintiff's failure to exhaust administrative remedies with respect to his claims prior to filing suit.

        The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Conditions of confinement" subject to exhaustion have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prisons." 18 U.S.C. § 3626(g)(2); Smith

1  v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001); see also Lawrence v. Goord, 304 F.3d 198, 200
2  (2d Cir. 2002).  Proper exhaustion of available remedies is mandatory.  Booth v. Churner, 532
3  U.S. 731, 741 (2001); Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (addressing
4  timeliness aspect of proper exhaustion).  Exhaustion during the pendency of the litigation will
5  not save an action from dismissal.  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).
6           California prison regulations provide administrative procedures in the form of one
7  informal and three formal levels of review to address plaintiff's claims.  See Cal. Code Regs.
8  tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a plaintiff has
9  received a "Director's Level Decision," or third level review, with respect to his issues or claims.
10 Cal. Code Regs. tit. 15, § 3084.5.
11          To satisfy the exhaustion requirement, a grievance must alert prison officials to
12 the claims the plaintiff has included in the complaint.  Porter v. Nussle, 534 U.S. 516, 524-25
13 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address
14 complaints internally before allowing the initiation of a federal case"); Brown v. Sikes, 212 F.3d
15 1205, 1209 (11th Cir. 2000) ("1997e(a) requires that a prisoner provide as much relevant
16 information as he reasonably can in the administrative grievance process," but does not require
17 that he do more than that).
18          A motion to dismiss for failure to exhaust administrative remedies prior to filing
19 suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d
20 1108, 1119 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003).  In
21 deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look
22 beyond the pleadings and decide disputed issues of fact.  Id. at 1119-20.  Defendants bear the
23 burden of proving plaintiff's failure to exhaust.  Id. at 1119.
24          Defendants present evidence with their motion to dismiss indicating plaintiff has
25 not exhausted administrative remedies with respect to the claims remaining before this court.
26 Plaintiff does not dispute that he did not exhaust administrative remedies.  Rather, plaintiff

1  asserts that this case is not a "prison conditions" case, so he should not be required to exhaust.
2  However, the Supreme Court has held that the exhaustion requirement found in 42 U.S.C.
3  § 1997e(a) applies to "all inmate suits about prison life whether they involve general
4  circumstances or particular episodes, and whether they allege excessive force or some other
5  wrong." Porter, 534 U.S. at 532.  Because the allegations found in plaintiff's complaint arise out
6  of a time while plaintiff, as now, was in prison and are directed at prison employees, plaintiff's
7  complaint concerns "prison life."  Plaintiff is not exempt from the exhaustion requirement found
8  in 42 U.S.C. § 1997e(a).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  The motion to dismiss filed by defendants Alameida, Castro and Hahn on April 5, 2006 be granted; and

2.  This case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 28, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1
mcad1209.57